STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re*: **I.R. and W.R.**

**No. 16-1108** (Hampshire County 16-JA-19 & 16-JA-20)

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.R., by counsel Lauren M. Wilson, appeals the Circuit Court of Hampshire County's November 2, 2016, order terminating his parental rights to two-year-olds I.R. and W.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in: (1) adjudicating the children as abused and neglected; (2) denying petitioner an improvement period; (3) terminating petitioner's parental rights without considering the less-restrictive alternative; and (4) denying petitioner post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR received a referral alleging that petitioner sexually abused A.C., the subject children's half-sister who lived in the same residence as I.R. and W.R. During the investigation, A.C. disclosed that petitioner inappropriately touched her "butt" and "rubbed the outside of . . . and penetrated her vagina" with his fingers. A.C. also admitted that petitioner supplied her with alcohol. Petitioner denied these allegations during the investigation. Based on these allegations, the DHHR filed a petition for abuse and neglect.

Thereafter, the circuit court held a series of adjudicatory hearings during which the circuit court heard testimony that petitioner sexually abused A.C. on multiple occasions, provided A.C. with alcohol, and tried to convince his ex-wife to lie on his behalf. Despite being warned that his silence could be used against him, petitioner chose not to testify on his behalf. After considering

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

the evidence and the parties' arguments, the circuit court found that A.C. was sexually abused. The circuit court also found that petitioner abused and neglected I.R. and W.R. and that the children were "at great risk of being abused." Petitioner filed a motion for a post-adjudicatory improvement period.

In October of 2016, the circuit court held a dispositional hearing during which it heard testimony that the DHHR could not offer petitioner services because he failed to admit or acknowledge the issue of abuse or neglect. Accordingly, the circuit court found that the conditions that led to the filing of the abuse and neglect petition could not be corrected because petitioner failed to acknowledge these issues. The circuit court also found that the DHHR was not required to preserve the family because the sexual abuse constituted an aggravated circumstance. Based upon these findings, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected and that termination was in the children's best interests. As such, the circuit court terminated petitioner's parental rights by order entered on November 2, 2016.[2] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating the children as abused and neglected. We have held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighting the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)). "Implicit in the definition of an

---

[2]The circuit court did not terminate the mother's parental rights. The parental rights of J.C., father of A.C. and J.C. were not terminated below. According to the guardian, as of the filing of her response brief, all four children were reunited with their non-offending mother and the permanency plan for the children is to remain in her home. J.C. shares joint custody of A.C. and J.C.

abused child under West Virginia Code § 49-1-3 (1995) is the child whose health or welfare is harmed or threatened by a parent or guardian who fails to cooperate in identifying the perpetrator of abuse, rather choosing to remain silent." Syl. Pt. 1, *W.Va. Dept. of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). We also bear in mind the following:

> Because the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *Id.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Here, the circuit court heard testimony that petitioner supplied A.C. with alcohol and touched A.C.'s "butt" and "rubbed the outside of . . . and penetrated her vagina" with his fingers. In addition, petitioner exercised his right to remain silent during the underlying proceedings, which the circuit court appropriately considered as evidence of his culpability.

Related to this assignment of error, petitioner also argues that the circuit court erred in finding that I.R. and W.R. were at risk of being abused. We strongly disagree. We have previously held that

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va.Code, 49–1–3(a) (1994).

Syl. Pt. 2, *In re Christina L.* 194 W.Va. 446, 460 S.E.2d 692 (1995). Here, petitioner acknowledges that I.R. and W.R. resided in the home where the alleged sexual abuse took place. For this reason alone, the record supports the circuit court's finding that I.R. and W.R. were abused because they resided in the home where A.C. was sexually abused by petitioner. Accordingly, we find no error in this regard.

Next, petitioner argues that the circuit court erred in denying him an improvement period because he repeatedly requested an improvement period. Pursuant to West Virginia Code § 49–4-610, circuit courts have the discretion to grant a post-adjudicatory improvement period when the subject parent demonstrates by clear and convincing evidence that he or she will likely fully participate in the improvement period. However, West Virginia Code § 49–4-604(b)(7)(A) directs that the DHHR is not required to make reasonable efforts to preserve the family when the circuit court determines that the parent has subjected the child to aggravated circumstances, "which include, but are not limited to . . . sexual abuse." In this case, due to the nature of the adjudication, we cannot find that the circuit court abused its discretion in denying his motion for a post-adjudicatory improvement period. The circuit court adjudicated petitioner as an abusing parent due to his sexual abuse of A.C., which is an aggravated circumstance and does not require reasonable efforts to preserve the family. Moreover, we have recognized that an improvement period is futile if the subject parent has failed to acknowledge the existence of the problem. Syl. Pt. 2, *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996) ("Because the purpose of an abuse and neglect proceeding is remedial, where

the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability."). Here, petitioner failed to acknowledge the existence of the abuse adjudicated. Therefore, the circuit court did not err as to this issue.

Third, petitioner argues that the circuit court erred in terminating his parental rights without considering the less-restrictive dispositional alternative. Specifically, petitioner contends that the circuit court should have terminated only his custodial rights. The Court, however, does not agree, as the circuit court was required to terminate his parental rights upon the findings that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect and that termination was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(c)(5), there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] sexually abused . . . the child." Given that the circuit court found that petitioner sexually abused a child in the home, his argument must fail. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such a finding. Accordingly, we find no error in the termination of petitioner's parental rights below.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation because he loved and supported his children. With respect to post-termination visitation, we previously have held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well[-]being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). Under our holding in *Christina L.*, the decision to grant post-termination visitation is a discretionary one for the circuit court based on its consideration of the circumstances of the case before it.

Here, petitioner maintains that post-termination visitation was appropriate because he provided for his children and that continued visitation would not be detrimental to their well-being. Following our review of the record on appeal, the parties' arguments, and pertinent legal authority, we find no abuse of discretion in the circuit court's decision to deny post-termination visitation based on the facts of this case. The record shows that petitioner sexually abused a minor female and failed to acknowledge that any abuse took place. Given these facts, we find no error in the circuit court's ruling that post-termination visitation with his minor daughters was inappropriate in this case. Furthermore, it does not appear that petitioner filed a written motion requesting post-termination visitation. *See* Syl. Pt. 5, *In re Marley M.*, 231 W.Va. 534, 535 745 S.E.2d 572, 574 (2013) (holding that "[a] parent whose rights have been terminated pursuant to

4

an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion . . . .") For these reasons, we find that the circuit court did not abuse its discretion in denying petitioner post-termination visitation with his children.

For the foregoing reasons, we hereby affirm the circuit court's November 2, 2016, order.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker